CASE No.    CV    Doc #1 Filed 10/22/18 Page at bottom on

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

Thomas O. Mustric, Trustee
Helen L. Mustric Trust, Pro se
13CV9818 ID REFERENCE TO PARTY

And

Thomas O. Mustric, Individual
13DR2678 IN REFERENCE TO PARTY

v.

Huntington National Bank

And

Larry Hattix, Director
Office of the Comptroller of the Currency

RECEIVED
OCT 22 2018
RICHARD W. NAGEL, CLERK OF COURT
COLUMBUS, OHIO

2  18 CV 1279

Judge Smith

MAGISTRATE JUDGE JOLSON

**JURY DEMAND**

## COMPLAINT

Plaintiff(s) moves to request U.S. Court leave to preserve complex case rights that both sides may [re-]assign witnesses as parties'; to appoint a Guardian ad Litem for children's rights, to enjoin lower court same case facts, and to seek counsel set by Motion as may be permitted lawfully.

1

CASE No.        CV        Doc  #1 Filed 10/22/18 Page at bottom on

I. Parties to the action:
PLAINTFF(S):

1.      Thomas O. Mustric, Individual, 13DR2678, *pro se*.

And

2.      Thomas O. Mustric, Trustee *pro se*.
        Helen L. Revocable Mustric Trust, 13CV9818
        134 East Lincoln Street
        Columbus, Ohio 43215-1539
        Cell: (614) 432-0722

DEFENDANT(S):

1.      Huntington Bancshares Incorporated d/b/a
        The Huntington National Bank
        Corporate Offices
        41 South High Street, Huntington Center
        Columbus, Ohio 43287 USA
        Corporate (614) 480-8300

2.      Larry Hattix, OCC Director
        Office of the Comptroller of the Currency
        Customer Assistance Group
        1301 McKinney Street, Suite 3450
        Huston, Texas 77010-9050
        Phone: 800-613-6743

CASE No.    CV    Doc #1 Filed 10/22/18 Page at bottom on

II. Subject Matter Jurisdiction:

## CLASS ACTION COMPLAINT

Plaintiff Helen L. Mustric Trust, individually and on behalf of all others similarly situated, institutes this action against Defendant Huntington Bancshares Incorporated dba The Huntington National Bank ("Huntington") upon its personal knowledge, the investigation of Trustee, and on information and belief as follows:

## INTRODUCTION

1. Plaintiff is one of many victims of Defendant Huntington's refusal to refund money paid out of it business customers' that were no authorized. After timely notifying Huntington of errors regarding forged and fraudulent payment and check activity, Huntington refused to reimburse Plaintiff in accordance with its with its legal obligations under the Uniform Commercial Code ("UCC"); however, The Huntington National Bank is also accountable as a DEPOSITORY BANK of the "GENERAL FUNDS" of the business of Franklin County, Ohio, under the Office of the Comptroller of the Currency.

2. As may be the case that Huntington conveniently modifies the UCC's default rules requiring it to exercise good faith and ordinary care in

CASE No.     CV     Doc #1 Filed 10/22/18 Page at bottom on

property charging customers' accounts in order to deceitfully pass liability onto those customers through provision of its business account contracts and agreements. Huntington is Depository Bank for Franklin County.

3. More specifically, Huntington's disclosure given to new business account customers refutes any obligation to its customers for items wrongfully paid out of their accounts if customers do not "avail" themselves to certain, unspecified fraud-protection products purportedly offered by Huntington. Huntington is a Depository Bank for Franklin County's general funds.

4. As a result, Huntington disclaims all responsibility under the UCC so that it does not have to pay back its customers for money it improperly pay out of customers' bank accounts. Huntington as National Bank Depository has oversight by the OCC.

5. Huntington as the drawee bank, had all the power and control in paying a forged check or other unauthorized item, and rather than taking steps to protect its customers, it is dumping all the cost and loss onto its powerless customers by unlawfully shifting all responsibilities to them. Huntington's unfair business account customers are out hundreds to thousands of dollars through no fault of their own. In that light for shifting responsibilities for a National Bank Depository the OCC should shift Congressional liabilities to matter of the greater public

CASE No.    CV    Doc #1 Filed 10/22/18 Page at bottom on

trust, to entrust the highest of standards to protect Franklin County funds in deposit for verification and for timed release of funds as a matter of law.

6.  By craftily putting all liability onto its unknowing customers, Huntington ignores its duties under the UCC to its own benefit and to the detriment of its customers that have timely noticed and advised Huntington of errors and omissions on their accounts.  In said UCC oversight Huntington's action are improper and unreasonable. However, under the OCC regulation by Congressional oversight that in the capacity as "Depository Bank" for the public Trust that liability be fully upon the national bank for oversight for procedure to protect the public interests and high standards that The Huntington National Bank as DEPOSITORY hold for its control of public funds for strictest of interpretations to detour blatant misconduct matters to Verify Deposit of Franklin County Instruments' as TRUST CHECKS especially from the Sheriff Real Estate Disposition, and especially for the Franklin County Sheriff notice and for the Ohio Attorney's notice against scammers' blatant venue to be in a rush, to appear professional under the  color of law, to deviate from a TRUST CHECK's payee, to deviate from outside courts' as NOT noted in the MEMO, and especially in obvious forged endorsement, when amounts, for example, are for a paid attorney Guardian ad Litem to engage in Identity Theft, for the Bank to release

CASE No.      CV      Doc #1 Filed 10/22/18 Page at bottom on

funds from failure of the National Bank Depository for the instrument to be for $86,475.99 as time for legislation and legal penalty to set as a deterrent for it Verification of Deposit "order" from an outside court in WANT OF JURISDICTION.

7. This action is thereby commenced by Plaintiff, *Pro se*, for leave of court to engage needed recommendations for change in venue for OCC oversight for National Bank as Depository Bank, and or for time to secure legal counsel, if anyone cares, because the public trust cares.

Therefore, a declaratory judgment, injunctive relief, and damages arising out of Huntington's systematic practice of violation the UCC by (1) failing to reimburse business account customers after improperly paying out of accounts that were forged endorsement or otherwise unauthorized , and (2) relying on its own-sided business account agreements as a way of entirely avoiding liability and responsibility to its customers, should legally attain The Huntington National Depository Bank's highest standards, for its fullest liability, to set up uncompromising standards for the best of public interests to be  THE DEPOSITORY for the FRANKLIN COUNTY, OHIO's GENERAL FUNDS' protection, accounting, and responsibilities as this court may instruct.

CASE Law: *Majestic Building Maintenance, Inc. v. Huntington Bankshares Incorporated* dba The Huntington National Bank, Case No. 2:15CV3023JLG-KAJ, filed 11/20/15 U.S. Court S. Ohio Eastern Div.

CASE **No.**     CV      Doc #1 Filed 10/22/18 Page at bottom on

## JURISDICTION AND VENUE

8.  The Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. @ 1332(d)(2).  The matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which at least one member of the class of plaintiffs is a citizen of a state different from Huntington.

9. The Court has personal jurisdictional over Huntington because it is an Ohio resident and has registered as an Ohio corporation with the Ohio Secretary of State.  Huntington held the Franklin County "GENERAL FUNDS" as a DEPOSITORY National Bank, under the OCC contracts, rules, and accounting systems, herein for further review within Ohio Attorney General for recommendation for highest standards to force change to a National Bank as case law to protect County Funds from predatory professional operatives under the color of law, engaged in process Identity Theft to engage to misrepresent outside court's document as "order" in want of jurisdiction, thus to be "conditional order" and as DEPOSITORY National Bank to be held to highest standards of care for stiff penalties to release funds for scammers to process complete the act defining Identity Theft. Huntington held Plaintiff TRUST CHECK, as improperly removed from jurisdiction of the

CASE No.     CV     Doc #1 Filed 10/22/18 Page at bottom on

Sheriff Clerk in a Franklin County Court Case 13CVXXXX, deposited

without oversight to "Verify Deposit" on its forged endorsement for

$86, 475.99 to an alleged scammer under the color of law.

10.  Venue is proper in the United Stated District Court for the Southern

District of Ohio pursuant to 28 U.S.C. 1391(b) because a substantial part

of the event or omissions giving rise to the claim occurred in this district

and because Huntington National Bank is Depository for the "General

Funds" of Franklin County and is subject to this Court's personal

jurisdiction.  And, as the OCC is subject to this Court's personal

jurisdiction for Huntington National Bank's oversight, for Congressional

implementation as a matter of law in support of the greatest good of

the public's interest and for the protection of the public's trust.

## PARTIES

11.  The Helen L. Mustric Revocable Trust is an Ohio Trust formed on

August 18, 2005; EIN XX-XX8562.   A Franklin County Case 13CVXXXX

foreclosure action was between two sisters' trusts.  Helen L. Mustric

had died on August 6, 2006.  Thomas O. Mustric, Trustee, based in

Worthington, Ohio, is relocated in Columbus, Ohio, which is within this

Court's jurisdiction.  Witnesses may become parties in complex case.

12. The Helen L. Mustric Trust was a former "customer" of the

Huntington Worthington Branch, then within the meaning of PP 4-

CASE No.      CV      Doc #1 Filed 10/22/18 Page at bottom on

104(5) of the UCC.  At all times relevant to this Complaint, however,

Franklin County Sheriff Real Estate Disposition, in 13CVXXXX, July 22,

2015, held jurisdiction under Huntington Depository National Bank

status, pursuant to OCC regulation, until it's the TRUST CHECK was

deposited, October 21, 2015, at the Huntington National Bank, with

forged endorsement.  Huntington maintains its jurisdiction toward an

Identity Theft, with Huntington's perfection for the release of funds,

failing OCC receipt that funds pass to payee, as Thomas O. Mustric

Trustee of the Helen L. Mustric Revocable Trust.  The Trust's office is

located at 134 East Lincoln Street, Columbus, Ohio 43215.  Thomas O.

Mustric is Individual referenced, damaged as allegedly to have been re-

assigned in 13DR Case as a Guardian ad Litem, as none was then

assigned to represent the children, is a matter for other venue.  At no

time does Thomas O. Mustric Trustee, have a Guardian ad Litem.  In

13DR objection was not heard as a matter of law under the

replacement 13DR Judge, who failed to certify to understand the case,

pursuant to Civ. R. 63; however, he is replacement No. 3 probably

because No. 2 appreciated Civ. R. 63 to move it forward, suggesting

early misconduct matters for further misconduct matters, as Thomas

Mustric, who did Human Collect Intelligence April 2000 under director

unwittingly of DNSA/DCIA, for later request of Senate (and House) for

all HUMINT submitted timely October 31, 2003, his Verified Report, as

CASE No.      CV      Doc #1 Filed 10/22/18 Page at bottom on

may have been reportedly [false news] as relied upon to remove the SOD R. for "deep" misconduct matters of National Security matters, in 2005 by Dec. 2006, which brought the President to Columbus, Ohio, February 15, 2006, allegedly over R's removal, delayed another planned war, 2014-2017 by six years---as all rumors, were then used to target Mr. Mustric, for remarkable misconduct matter by the 10JU Court on wife on Father Mustric, as children infants, "would be prefect for adoption" defined a new mission for Father Mustric, as Judge M retired to learn of the alleged rumors; herein, this case, as extinction's of court misconduct targeting, probably requiring U.S. DOJ entry to investigate deeper allegation is the use of 60 Minutes' "Pentagon Ray Gun" made in the public interest; in June 2005 used on the Iraqi public to expose our troop, who returned to lose vets, 1-30 per day; hence, my report 2018 to Senator B of Ohio to investigate three alleged accident attempts in the last year, but thank you(s) from patriot notables.

13.  Defendant Huntington Bancshares Incorporated, whose banking affiliate does business as The Huntington National Bank, is a Maryland corporation with its principal place of business in Columbus, Ohio. Huntington headquarters are located at Huntington Center, 41 South High Street, Columbus, Ohio 43287, which is within this Court's jurisdiction.  Huntington also conducts business in this District and

CASE No.     CV     Doc #1 Filed 10/22/18 Page at bottom on

throughout Ohio, Michigan, Pennsylvania, Indiana, West Virginia and

Kentucky.

14. According to the Federal Deposit Insurance Corporation ("FDIC"),

Huntington had $35.6 Billion on deposit in Ohio, as of June 30, 2015,

making it the third largest bank in the state.

15. At all times relevant to this Complaint, Huntington is and was a

"bank" within the meaning of PP 4-105(1) of the UCC and as

DEPOSITORY as a National Bank within the oversight of the OCC.

16. At all times relevant to this Complaint, Huntington is and was also a

"payor bank" within the meaning of PP4-105(3) of the UCC and as a

Depository National Bank within the oversight of the OCC.

## THE UCC

`17. Banks are bound by the regulations of the UCC, which has

historically placed the responsibility for detecting forgery on the bank.

18. Article 4 of the UCC governs both a bank's duties in collecting

checks for payment as well as its duties to its customers. The OCC

assessment of its business customer Franklin County Depository of the

"General Funds" for its most careful oversight of responsibilities and

care must be to protect the public funds' interest and maintain public's

trust. Herein the heavy weight seeks potential remedy to set standards

of care as national Bank's depository for duty to be held to its highest

standards and so should be directed, exemplary for the public trust.

CASE No.     CV     Doc #1 Filed 10/22/18 Page at bottom on

19.  In Ohio, the contractual relationship between a bank and its customer, and Article 4 of the UCC, is implemented through O.R.C. 1304.01 to 1304.40.  The Huntington's Master Services Agreement includes Rules and Regulations for Business Accounts, as Escrow Guardian ad Litem accounts.  It is governed by the laws of the State of Ohio (to the exemption of Federal Law).  Article 4 of the UCC has also been adopted in relevant part, by each state in which Huntington conduct business.  See Mich. Comp. Laws, @ 440.4101 to 440.4504; PA. Cons. Stat. @ 4101 to 4504; Ind. Code @26-1-4-101 to 26-1-4-504; W.Va. Code@46-4-101 to 46 -4-504; Ken. Rev. Stat.@355.4-335.4-504.

20.  Section 4-401 of the UCC provides that any check that a bank can charge an item to a customer's account only if it is "properly payable." [O.R.C. @1304.30(A).]

21.  Comment 1 to Section 4-401 provides that any check that is not authorized by the drawer is not "properly payable." [id. Cmt. 1 (1990)

22.  Therefore, it is a cardinal rule under the UCC that a payor bank, like Huntington, may only debit a customer's account for checks that are properly payable, and a check bearing a forged endorsement is not properly payable.

23.  Although Section 4-103 of the UCC also allows for Article 4's provisions to be varied by agreement between a customer and the

CASE No.     CV     Doc #1 Filed 10/22/18 Page at bottom on

bank, the bank cannot disclaim good faith or ordinary care. [O.R.C.@ 1304.03(A).

24. The parties, Franklin County, and Huntington Depositor National Bank to hold and to process funds, subject to OCC oversight, may determine by agreement the standards by which the bank's responsibility is to be measured if those standards are not manifestly unreasonable. [Id.].

25. As further stated herein, Huntington changes the default rules of UCC Section 4-401 by adding language to its business account agreements that disclaim all responsibility for paying out checks that were forged or otherwise not properly payable.

## FACTUAL BACKGROUND

26. Plaintiff(s) incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

27. In or around the time of July 22, 2015, the Franklin County Court of Common Pleas, Franklin County, Ohio, in Court Case 13CVXXXX, the Honorable Judge L.A.B.[BLUNT] Ordered "Confirmation Entry of Sale and Distribution of Proceeds" among the captioned parties: two sisters' trusts' as paid to Plaintiff AnnaRose XXXX Declaration of Trust was $111,825.86 and to Defendant Helen L. Mustric Revocable Trust was paid $86,475.99, filed July 22, 2015.   The interest rate from January 1, 2015 to July 2, 2015 is in the amount of $3,492.46 (183 days at $13.62

CASE No.     CV     Doc #1 Filed 10/22/18 Page at bottom on

per day.] The 13CV Court set its supercilious bond for about $91,000 against Plaintiff agreed settlement of $110,000 at 10 per cent for stay until the 13DR court would release hold over TRUST's asset's deed,l wherein alleged scammers made two minor children homeless, not to release the deed for wonton, knowingly and intentional harm, forcing Defendant Father Mustric to file application in U.S. Bankruptcy Court for time. The Helen L. Mustric Trust was only named in the Original Complaint, and Trust owned real estate, leased, had no dower interest, holding a safety clause for interference, set by Trustee Helen L. Mustric, filed August 18, 2005.

28. In or around the time of July 22, 2015, Plaintiff Trustee inspected the CHECK for distribution with the Sheriff Clerk to be found defective, as Payee was to: "Thomas O. Mustric." In objection to be payable to TRUSTEE, upon return it was found corrected by Sheriff Clerk, Payee: Thomas O. Mustric, Trustee, as a TRUST CHECK, dated August 3, 2015.

29. During 2015, the Franklin County Sheriff Detective was in subpoena to testify in domestic relation court 13DR to report on his investigation of alleged fraud and order to appear with the facsimile of the TRUST CHECK. He appeared to state that was no facsimile TRUST CHECK to be found, thus no investigation, and that Trustee's request for return of certified evidence presented to him, was stated to have been shredded.

CASE No.    CV    Doc #1 Filed 10/22/18 Page at bottom on

30. In 2018, Freedom of Information, request to the new Franklin County Sheriff's Office, Real Estate Disposition, 410 S. High Street, Columbus, Ohio 43215, was successful.

31. Dated "Monday, August 3, 2015," the Huntington "LOGO" with "HUNTINGTON" laid over "The Huntington National Bank, Columbus, Ohio 43215," assigned as Check No. "96175." The Payee was in large block letters: "Pay the Order of "Thomas O. Mustric Trustee of the Helen L. Mustric Revocable Trust." The amount was large numerals "$86,475.99 Dollars" and so typed as "Eighty Six Thousand Four Hundred Seventy Five Dollars And Ninety Nine Cents." It was signed by Zack Scott, and "void after 90 days."  It had a "WARING: 'Do not accept this document unless you can see a security watermark on both sides.'" The MEMO: indicated the Franklin Court Case No. "13CV9818." Below in block letters; both names of trustee parties: "D.L.H Trustee of vs. Thomas O. Mustric Trustee of."

32. On April 10, 2018, the TRUST CHECK was stamped, "This is to CERTIFY that a true copy of the original on file with the Franklin County Sheriff's Office, Chief Dave Conly," and signed.

33. On October 21, 2015, as the DEPOSIT DATE was determined from the time stamp: 2015102100946268937.  The allegation of Identity Theft would place the Huntington Bank's contract for a "release date" of fund, would mark the date of perfecting the THEFT to release, for

CASE No.     CV     Doc #1 Filed 10/22/18 Page at bottom on

want of knowledge, funds as would be payable to Payee, "Thomas O.
Mustric Trustee" by forward release by the Huntington National Bank,
as the "$86,475.99" is in the "GENERAL FUNDS" of the Depository
National Bank, under OCC reporting standards, within contractual and
rules of the OCC oversight, for want of knowledge.

34. The Huntington National Bank knowingly, wontfully, negligently
failed to Verify the Deposit, to act on the "forged endorsement" and
"to properly forward receipt" for the credit to Payee for the Huntington
National Banks obligation to with receipt then to debit the Franklin
County "General Funds" in Depository by Huntington's contract with
Franklin County and for OCC rules and regulations, Bank and Banking,
U.S.C 12.

35. This court determination of Statue Time in consideration of the
date of release of TRUST FUNDS held in the customer's contractual
agreement for special account, Escrow Guardian ad Litem trust
account, for period of time, against the weight of the December 31,
2015 date for the 13CVxxxx filing for statute time for 13CV Judge
L.A.B.'s "ORDER DENYING ALL OUTSTANDING MOTIONS" seen in bests
light of reasonable minds as the date for which all 13DR alleged
misconduct and contributory culpability for knowingly, willfully, and
wontfully allowing such alleged misconduct matters of "Identity Theft"
and its "ENTRY" AS IF to an "order" to allow selectively parts of not the

CASE No.      CV      Doc #1 Filed 10/22/18 Page at bottom on

full document's meaning on two count upon the Franklin County Clerk and at bar with the Defendant Huntington National Bank, who had the power to return the TRUST CHECK drawn on the "General Funds" for $86,475.99 in "Identity theft" fell on both Plaintiffs Thomas O. Mustric and Thomas O. Mustric Trustee.

36.  At all times relevant to this Complaint, Thomas O. Mustric, Trustee of the Helen L. Mustric Trust was the only authorized signatory on the TRUST CHECK, not on file at the Huntington National Bank for his release from forged endorsement.

37.  Franklin County Sheriff Clerk or Franklin County Clerk of Court was notified of venue change, for want of knowledge, by the Huntington National Bank, its untrained personnel to detect fraud or to care, to whom would be out for the loss of use of TRUST FUNDS, as contributory to neglect and irresponsible for a OCC regulated contracted customer national bank as "depository" bank for Franklin County---if criminal statute could be seven years or so.ds

38.  Huntington from October 21, 2015 failed through the entire process of time to detect the fraud, for neglectful prevention or detection in the fraud of Franklin County's General Funds to which, then, therefore, should be reimbursed plus interest, for Huntington's Breach of Contract, for want of knowledge, plus damages as may be determined by this court of final trier of facts and finding facts.

CASE No.    CV    Doc #1 Filed 10/22/18 Page at bottom on

39. Franklin County Clerk of Court stated to wait after elections for an investigation that has to start with the Franklin County Sheriff or with the Columbus City Police Department, who upon approach only to give a phone number, by Officer J, upon Trustee's exit, he was targeted again by a High Energy Radio Wave to his back for painful symptoms that last a full year, and as reported to his OSU physician.

39. Thomas O. Mustric Trustee's name was not forged for use of an unauthorized signature. The National Bank Legal staff stated that the signature was of their client attorney S. C., who had a special contract for business as Guardian Ad Litem.

40. At or near the time of April 10, 2018, The Huntington National Bank Legal staff stated not to have a facsimile of the $86,475.99 Trust Check. Trustee stated to have its certified facsimile and presented it to the Legal staff. In a Letter the Huntington Legal staff stated that the bank had relied upon a "order," but did not attach the "order" for Trustee close examination. The bank argued back and forth not to release the "relied upon document" unless I filed a Complaint in a Court and then and only then by a Court Order would they respectfully respond. I call my objection for "equal respects as would be just as I supplied the TRUST check facsimile for their close examination, so in kind should, as their letter stated to possess the "order" as was relied upon to "verify the deposit" it would be fair play for their argument against fairness for

CASE No.     CV      Doc  #1 Filed 10/22/18 Page at bottom on

the matter to be called upon the OCC for their opinion, consideration, in their oversight.  The OCC prevailed in time for defendant Huntington to releases as their exhibit "order:" (See 41 below).

41.   Upon close examination the "ENTRY" filed August 26, 2015, revealed truth in an unusually way.  Huntington referenced "order" read: "**This Court hereby ORDERS that the Franklin County Sheriff release the aforementioned check to** [ **S. C.], Guardian ad litem for the payee**." Adding, "**S.C. shall deposit the check into her trust account, to be held until further order of the Court.  IT IS SO ORDERED.**"

Scammers allegedly reportedly operate only for the money, without regard to whom they hurt, as to be above the law, wherein the law is for others not smart enough to outsmart the system. The children were made homeless by the reckless behavior of the Court in a time of great foreclosures—a perfect crime, except a TOM Check became a TOM Trustee Trust Check, not allowing smooth business for scammers.

42.  When Complaint was address to the OCC, they assigned a Case Number XXXX.  Great Costs and time to supplement the Complaint, was to issue their Opinion, after stating to me that my Complaint had a new Case Number YYYY, which was their receipt of the Huntington National Bank's Exhibit "entry" being the "order" for only the OCC consideration in support of such document with total neglect of OCC oversight to neglect Trustee's Complaint.  On phone the OCC would report that their

CASE No.    CV    Doc #1 Filed 10/22/18 Page at bottom on

investigative staff would be ordered to closely examine the exhibits and the Huntington Bank. I responded in positive good will to refile all materials for their considered overview is Huntington followed OCC rules and regulations. I was told that their investigated was completed. The director, alleged Mr. L, stated he would send all communications to TRUSTEE by U.S. Mail. I sent the entire exhibits and analysis by Fed Ex. I shall notify my Ohio Senator for his Opinion of the matter of OCC's lack of oversight on **national bank's alleged lack of consideration to verify the deposit for a fraudulently forged endorsement**. Two months of work, costs, and no Opinion on Citizen's Complaint, with Exhibits. Thus, reason for class action against needing new legislation specific to possible positive shift toward OCC responsibility or other's OCC Complaints.

43. As of today, about on 10/10/18 a notice letter to demand payment of the $86,475.99 is unheard from as is their offer to meet to receive the OCC Opinion letter two weeks before I received a copy, to learn of its existence from the Huntington Bank, and stated consideration to get back to me for settlement That never happened in wait of Complaint.

44. As of today, for want of knowledge the Legal Department of Huntington holds for their slow release of discovery, understandably as 13CV Jurisdiction DENIED, December 2015, was never determined openly.

CASE No.    CV    Doc #1 Filed 10/22/18 Page at bottom on

45. The Huntington has an uniform set of policies and/or procedures dealing with business accounts, but should my Complaint of October 26, 2018, supplement for analysis in a three page addendum on October 27, 2018, still remains in statue time for the release of the funds of the Trust Check deposit October 21, 2015, for want of knowledge for the contract, also requested of Franklin County Treasury, as Freedom of Information request remains unknown.  IF this Court relied on date of Nullification of Jurisdiction, filed December 1, 2015, that would address the misbalance of informal discovery and other alleged unknown misconduct matters as a matter of law to determine statute term.

46. Under the UCC, Huntington holds a forged drawer's signature as unauthorized is not "properly payable" and if the bank pays the  check, the bank is generally liable to its customer, Franklin County "General Funds" as Depositor National Bank; that, then is where lines of law by legislature will have bite in case law, herein.

47. Huntington's conduct described herein constitutes a violation of Section of 4-401 of the UCC, O.R.C.@ 1304.03(A) which provides that a bank may only charge against the "General Fund" interpretation herein against the customer, Franklin County, Real Estate Disposition, for an item that is properly payable. <u>The issue of the GAL in domestic relations as defective assigned to TM is  a lower court identity theft on Trustee.</u>

CASE No.    CV    Doc #1 Filed 10/22/18 Page at bottom on

48. Huntington's conduct described herein also constitutes a violation of Section 4-103 of the UCC, O.R.C. @1304.03(a), which provided that a bank cannot disclaim ordinary care and that parties may determine by agreement by which a bank's responsibility is to be measured if those standards are not manifestly unreasonable.

49. As a result, Plaintiff seeks Huntington be held strictly liable for loss sustain by Plaintiff and other similarly situated business customers, as a case study for what is in the public's interest and good will and secured in the Franklin County safety from further fraud to see case law herein promoted to Congress.

## CLASS ACTION ALLEGATIONS

50. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

51. Plaintiff brings this action individually and on behalf of all other similarly situated pursuant to Fed. R. of Civil Procedure 23.

52. Plaintiff seeks to represent six-state class of the following entities, subject to amendment as appropriate:

ALL Huntington business account holders who experienced a financial loss due to Huntington paying items that were not "properly payable."

Collectively, all of these business entities will be referred to as the "Class Members." For special assessment of Huntington as a Depositor

CASE No.     CV     Doc #1 Filed 10/22/18 Page at bottom on

national bank, for OCC consideration for input into the assessment, as to set standards that may yield good things for the public's trust.

53. In that view, for want of knowledge, as Huntington may be Depository Bank is of special interest for specific Congressional assessments and choice, encouraged care by Huntington, training of employees, and responsible oversight for employee and supervisors over forged endorsement against the "General Funds" of the Public Interest.

54. Excluded from the Class are Huntington and any entities in which Huntington has a controlling interest, its agents and employees, its counsel and their families, any Judge to whom this action is assigned and any member of such Judge's staff and immediate family, counsel representation any party and their immediate families, and claims for personal injury, wrongful death and/or emotional distress. Bank experts should help formulated to aid legislators to protect Depository assets of clients for public trust building, in these times.

55. This Complaint seeks injunctive relief, declaratory relief and money damages.

56. Additionally, the dis position of the claims in a class action will address customers as to contract with Huntington as Depositor Bank for General Funds, and avoid multiplicity of identical suits.

CASE No.     CV     Doc  #1 Filed 10/22/18 Page at bottom on

57. Class member of clients for Depositor Bank and building public trust and good will can be identified easily through records maintained by Huntington Bank.

58.  Such considerations sets question of law and fact involving the class claims predominate over questions which may affect individual Class Members.

59. Such questions not limited to, the following:

   a. Are check items "returned to sender" to be made properly payable?

   b. Can liability be passed onto customers by Article 4 of the UCC?

   c. Does Huntington Agreements with Class Members better define standards of care for the public trust over public fund as for Depository by national banks?

   d. Are optional programs able to provide the care sustain by the due diligence of a Depository Bank's professional standards for building the public trust?

   e. Can Huntington's alleged practice of disclaiming liability under UCC for making final payments which are not "properly payable" to encourage not to be unreasonable toward acceptable agreed standards?

CASE No.      CV      Doc #1 Filed 10/22/18 Page at bottom on

f. Can Class Members, in Depository function as clients, for the public trust, and higher standards of care made necessary expect refunds back to the "General Funds" of clients and public's good will?

g. Can Huntington obtain forward receipt to debit county business from General Funds when passed upon to outside "order" in want of Jurisdiction?  FOI contracts requested not provided as informal discovery for control of facts and slow release of discovery.

60.  Clearly, in this case's complexity of intent to defraud as possible, under the color of law serve as deterrent such that Huntington applies highest standard of care in the interest of the Class?

61.  Plaintiff will require adequate legal input for the public good to guide legislators in class action claims for the "General Funds to be protected, as should be made by law and monitored by OCC.

63. A class action is the superior method for the fair and efficient adjudication of this controversy to distinguish the Class clients and its General Funds, as a fair first approximation as protection from such blatant professional scammers in alleged collusion for their interest to grab the money, above the law, set for those who are smart enough to outfox the system.

64.  Good faith and ordinary care by placing public funds liability on the national bank for strict standards to combat such Identity Theft schemes make good legal sense for this case study as published law, by

CASE No.    CV    Doc #1 Filed 10/22/18 Page at bottom on

other experts, where granted for pro se assessment may yield good things for within the thinking of the Court's consideration.

65. The interest of the Class members in individually pursuing claims against Huntington is slight because damages for an individually pursuing claims against Huntington is slight because damages for an individual action are relatively small for a regional bank with over $69 billion in assets (the 33rd largest bank holding company in the country, [FDIC, Data of 2Q, 2015.] and therefore if not for the public interest, public good will, and caring for Franklin County's General Fund, should encourage The Huntington National Bank as a Depository Bank, to yield good things.

66. Moreover, if an injunction is not entered and Huntington is not forced to change its unfair and unreasonable business practice upon the protection of the General Funds, only public pressure may lead what Huntington National Bank is known for to advance good will on the people of the Class Memberships of client of Depository Funds as a direction that makes sense at this point, subject to experts in the full knowledge.

CASE No.    CV    Doc #1 Filed 10/22/18 Page at bottom on

## CAUSE OF ACTION

## COUNT I

## VIOLATION OF SECTION 4-401 OF THE UCC, O.R.C.@ 1304.30

66. Plaintiff incorporates by reference all other paragraphs of the Complaint as if fully stated herein.

67. One Fraudulent forged endorsement of a 13CVxxxx proceed TRUST CHECK to total $86,475. 99 was debited from Huntington client Franklin County Sheriff Real Estate Disposition and after about October 21, 2015, when released became a perfected "Identity Theft" classic if elements stated in Warning to the Public by both the Sheriff Department and by the State of Ohio Attorney General. Herein as Exhibit A.

68. On October 21, 2015 the TRUST CHECK Exhibit "A" was by forged endorsement not to be payee Thomas O. Mustric Trustee of the Helen L. Mustric Revocable Trust.

69. The Huntington National Bank as Depository for Franklin County as unauthorized for failure to Verify the Deposit under reasonable standards of care, and allegedly recklessly released base on further failure of oversight by OCC, alleged reporting by Huntington Bank to the OCC, and by it own failure in standard of care for oversight of degree of breaking symmetry of the public trust.

CASE No.    CV    Doc #1 Filed 10/22/18 Page at bottom on

70. Pursuant to the UCC and Ohio Revised Code, Huntington was authorized to charge only properly payable items to it client's Franklin County "General Funds."

71. Forged endorsement and failure to Verify Deposit are not properly payable.

72. Check No. 96175 dated August 3, 2015, deposited October 21, 2015, and released of fund after October 21, 2015, with forged endorsement is not properly payable.

73. Huntington's receipt forward for payee Trustee, where 13DR Court is not a bank or institution licensed to do banking in the State of Ohio, as set forward by alleged scammers, failed to charge back to debit therefore their client's General Fund account in further violation of OCC rules and regulations, for want of knowledge pending discovery of the Contract between client and Huntington National Bank as Depository for Franklin County, is not properly payable practices.

74. Huntington had sole and absolute power at the time of presentation to decide whether to accept the deposit of defective constructed TRUST CHECK denying Plaintiff use of its money in the amount of $86,475.99 plus interests. Thus, Plaintiff sustained actual damages to be determined at Trial, and which include but are not limited to $86,475.99.

CASE No.     CV     Doc #1 Filed 10/22/18 Page at bottom on

75. Therefore, Huntington is required to at least re-credit Plaintiff's account in the amount of the item that was not properly payable.

## COUNT II

## VIOLATION OF SECTION 4-103(a) OF THE UCC, O.R.C.@1304.03

76.  Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

77.  The idea of Huntington business account agreements for a client to be eligible for bank products does not or should not allow reckless account behavior of care when to apply to standards of public safety of public funds by a National Bank as a Depository Bank, for further oversight care as the case "flags" were obvious for stipulated facts prima faca on the TRUST CHECK not to match, being for $86,475.99 is not "e,97396 cents, as found in Case 2:15CV03023JLG-KAJ Doc#1, filed 11/20/15, also a class action case; herein, Plaintiff Pro se, proceed with not only analysis but potential consideration toward good case law [and, if this Court rules for an attorney, time has been requested, as well as complex case party witnesses as may become cross claim for bank's recovery of funds, as may be, for want of knowledge, upon discovery, to repay client Franklin County for further reimbursement to Plaintiff, *pro se*.

78.  Huntington is the party with complete control over whether to Verify a Deposit where the standards to which a bank's alleged

CASE No.     CV     Doc #1 Filed 10/22/18 Page at bottom on

responsibility to protect the Franklin County "General Funds" may rely
on past alleged unreasonable care, is said case of special client know if
original check made out to Payee is not authenticated on a Franklin
County Court proceed check for $86,475.99 for an outside case to
present Trust Check's MEMO Case: 13CVxxxx to be from depositor from
case 13DRxxxx, not payee, that oversight is reasonable by Huntington
supervision authority as client is FRANKLIN COUNTY as Depositor
National Bank with OCC oversight rules and regulations.  For the Bank
to rely on past case business account agreements that shift liability to
its business customers, the CLASS ACTION suggest a higher legal level of
care for this CLASS Client, a or any County is the six states' for their
general public's good will over county funds needs utmost care for this
suggest Class Action over the ordinary care preventing unauthorized
transaction, as may be in violation of 4-103(a) and O.R.C. 1304.03(a).
79.  As lack for case law, this case of blatant disregard engages
profession, under the color of law penetration above the law, set for
others not smart enough to outwit the bank and banking system.  This
case is naked as a starter case law and should receive this Court close
examination, as Class Action, is the best for the widest interest of
protecting the public's interests, to raise the standards of care for the
Class Action states as case law, allegedly, needing OCC input of
professionals, rather the kind of service the OCC bias not to review law

CASE No.     CV     Doc #1 Filed 10/22/18 Page at bottom on

as may apply in their Opinion, as easily as not to make an Opinion, to change a case number to operate AS IF to be the Complaint's Number, only to make that Opinion based on the National Bank's only presented exhibit "ENTRY," filed August 26, 2015, herein attached as Exhibit "B".

80. Under UCC a bank cannot disclaim its responsibility for its lack of good faith or failure to exercise ordinary care.  Here the Class Action suggests support in case law set standards for care in the public interest and should be supported in the need for adjudication of the U.S. Court, over the alleged misconduct of the lower courts.

80.  As a direct and proximate result of Huntington's unauthorized payment of forged endorsement and failure to Verify the Deposit for want of jurisdiction—to call the Judge in case 13CV or at least as would be common law to return the check to sender makes public sense, and so for this Court to consider as Plaintiff sustained damages to be determined at trial, and which include but are not limited to $86,475.99.

## PRAYER FOR RELIEF

81.     WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all Class Members for great care to protect the public interest the following relief against Defendant National Bank with Depository responsibilities to become case published law [or for time to

CASE No.    CV    Doc #1 Filed 10/22/18 Page at bottom on

be resubmitted for such format respectable for consideration for publication]:

A.  Injunctive relief prohibiting such further unlawful conduct in standards herein raised by proposed Class Action law protecting the public's interest of "General Funds" against the general conduct standard set for its banking customers as an outstanding Class Action;

B. A declaratory judgment declaring Defendant violated the standards of law to protect this case, as case law, to declare further the rights and relations of Class Action, to set precedence, with OCC input;

C.  An award of each Class Member's maximum damages resulting from Defendant's unlawful conduct in said case, including interest, to send impact upon National Bank with Depository responsibilities of public funds, as the Court may better word its wisdom upon this case's prayer for relief;

D. An award of treble damages for Defendant's unlawful conduct, lack of consideration, and public's distrust for expected highest standards of care over public money.  Plaintiff's efforts blocked for slow release of facts was following the new elections for Franklin County Sheriff, to grant Plaintiff's Freedom of Information public request for documents, and Franklin County's FOI request for contracts among the National bank and Franklin County as client as "Depository National Bank" and as client special account for Escrow for Franklin County

CASE No.     CV     Doc #1 Filed 10/22/18 Page at bottom on

appointed attorney in the business of Guardian ad Litem trust fund

holdings.  The law has to be made clear, and this Class Action may be

the best was over past adjudications, case cited above;

E. An award for punitive damages for Defendant's unlawful

conduct.

F. An award for attorney's fees, to follow court wish for a refile by

Plaintiff, pro se, herein, by motion for relief to proceed pro se, until so

advised by law or judgement of this Court.

G. An order certifying this action as a class action pursuant to

Federal Rule of Civil Procedure 23, establishing an appropriate Class

and any **subclasses** the Court deems appropriate, finding a prospective

attorney as proper representative of the Class, and appointing the

lawyers representing Plaintiff, as for time allowed by the Court to be

possible, as is necessary to represent Plaintiff being counsel for the

Class; and,

H. Such other relief as the Court deems just and proper.

J. Plaintiff Trustee reserves the right to supplement this

Complaint, pursuant to U.S. Federal Rules, to seek legal counsel to head

the Class Action, and to name Witnesses as may enter as a counter

Complaint for the Federally Insured Deposits FDIC or from Defendant

National Bank, or as pubic interest may provide support, if necessary,

especially third party defendant appellees.

CASE No.    CV    Doc #1 Filed 10/22/18 Page at bottom on

EXHIBITS:

A. Sheriff TRUST CHECK, Aug 8, 2015; Deposited 10/21/2015

B. Defendant's 13DR Exhibit A to Verify Deposit "Entry" filed August 24, 2015  AS IF "order".

C. 13CV9818 ORDER DENYING ALL OUTSTANDING MOTIONS, for want of jurisdiction, Denied, filed Dec. 1, 2015

D. 13CV9818 Confirmation Entry for Distribution of  Proceeds;

E. 13DR Plaintiff as THIRD PARTY DEFENDANT 13CV Motion to Mail Funds to Defendant Thomas O. Mustric, Trustee of Helen L. Mustric Trust to His Guardian in his divorce case No. 13DR2678 pursuant to Court Order [Trustee has on GAL].

F. Plaintiff Trustee requests to supplement the record further, and to obtain council to file Class Action in U.S. Court as best interest for Sub Class, case study in remedy. That Judge allows time following filing to obtain attorney to establish statute time, as date Defendant Bank releases funds, following 10/21/2015 or for time the 13CV Court issued December 1, 2015, to DENY JURISDICTION as timely statute time, to refile Class Action with Attorney by Motion following filing if allowed until December 1, 2015, a date that controlled all events and put a stop to their conditionality assumed in alleged "forged endorsement" proceeding for Theft to be when deposited funds are released, but best statute time, as man be allowed by law, Dec. 1, 2015.

DATED: October 22, 2018

Respectfully submitted,

Thomas O. Mustric, Trustee of the Helen L. Mustric Trust, pro se
134 East Lincoln Street
Columbus, Ohio 43215-1539
Cell: (614) 432-0722
Email: <tom_mustric@yahoo.com>