# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**THOMAS O. MUSTRIC,** *et al.*,

    **Plaintiffs,**

    v.                                                  Case No. 2:18-cv-1279
                                                          JUDGE GEORGE C. SMITH
                                                          Magistrate Judge Jolson

**HUNTINGTON NATIONAL BANK,** *et al.*,

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court on the Defendant Huntington National Bank's ("Huntington") Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 7). The case was commenced by Thomas O. Mustric, *pro se*, both in his individual capacity and as Trustee of the Helen L. Mustric Trust (hereafter, "Plaintiff"). Plaintiff filed this case against Defendants alleging that proceeds owing to him from foreclosure in the amount of $86,475,99 were fraudulently paid to Plaintiff's guardian ad litem instead of directly to Plaintiff. Plaintiff alleges that this Court has jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. §1332(d)(2) ("CAFA"). Huntington argues that Plaintiff cannot rely on CAFA to establish jurisdiction because he cannot maintain his claims as a class action. Plaintiff has not filed a response to Huntington's Motion and the time to do so has now expired. Therefore, the Court considers the Motion unopposed. For the reasons that follow, Huntington's Motion to Dismiss is **GRANTED.**

## I. BACKGROUND

Plaintiff filed this case against Huntington and the Office of Comptroller of the Currency on October 22, 2018. This case is based on underlying litigation before the Franklin County Common Pleas Court, Division of Domestic Relations involving his former spouse Marcellina Mustric and a foreclosure proceeding also in the Franklin County Court of Common Pleas. (Doc. 7, Mot. at 2). The foreclosure action resulted in certain property being sold at auction. As a result of the sale, the Franklin County Sheriff issued a check in the amount of $86,475.99 made payable to Plaintiff as trustee of the Helen L. Mustric Revocable Trust. (Doc. 1, Compl. ¶ 31). Marcellina Mustric filed a motion to have the check deposited into Plaintiff's guardian ad litem's trust account and the Domestic Court ordered the Sheriff to release the check to Plaintiff's guardian ad litem. (Doc. 1, Compl. ¶ 32). The Plaintiff seeks to recover $86,475.99 that he claims was fraudulently paid into his guardian ad litem account. Huntington filed a motion to dismiss on November 11, 2018. (Doc. 7).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal when the court lacks subject matter jurisdiction. Without subject matter jurisdiction, a federal court lacks authority to hear a case. *Thornton v. Sw. Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990). Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack under Rule 12(b)(1) "questions merely the sufficiency of the pleading," and the trial court therefore takes the allegations of the complaint as true. *Wayside Church v. Van Buren Cty.*, 847 F.3d 812, 816 (6th Cir. 2017) (quoting *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th

Cir. 1990)). To survive a facial attack, the complaint must contain a short and plain statement of the grounds for jurisdiction. *Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016).

A factual attack is a challenge to the factual existence of subject matter jurisdiction. No presumptive truthfulness applies to the factual allegations. *Glob. Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015). When examining a factual attack under Rule 12(b)(1), "the court can actually weigh evidence to confirm the existence of the factual predicates for subject-matter jurisdiction." *Glob. Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015) (quoting *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012)). The plaintiff has the burden of establishing jurisdiction in order to survive the motion to dismiss. *DLX, Inc. v. Kentucky,* 381 F.3d 511, 516 (6th Cir. 2004); *Moir v. Greater Cleveland Regional Transit Auth.,* 895 F.2d 266, 269 (6th Cir. 1990).

### III. DISCUSSION

Defendant moves to dismiss Plaintiff's claims against them for lack of subject matter jurisdiction. Plaintiff has failed to respond. The Court will consider the arguments in Defendant's Motion as well as the allegations in the Complaint.

**A. Plaintiff's allegations are insufficient to support a class action.**

To establish federal jurisdiction, Plaintiff relies on the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"). (Doc. 3, Compl. ¶ 8). CAFA provides federal district courts with "original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and is a class action . . . ." 28 U.S.C. § 1332(d)(2). A "class action" is any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

Plaintiff seeks to represent a six-state class of the following entities, subject to amendment as appropriate: "All Huntington business account holders who experienced a financial loss due to Huntington paying items that were not 'properly payable.'" (Doc. 3, Compl. ¶ 52).

Huntington argues that Plaintiff cannot rely on CAFA to establish federal jurisdiction because, even accepting the allegations in his Complaint as true, Plaintiff cannot establish the requirements of Federal Rule of Civil Procedure 23(a). There are four prerequisites which must all be met before a class can be certified: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy. *In re American Medical Systems, Inc*., 75 F.3d 1069, 1079 (6th Cir. 1993) (citing Fed. R. Civ. P. 23(a)(1)–(4)). The failure of any one of these requirements is fatal to class treatment. *Id.* Plaintiff is unable to meet all four of these requirements.

The Rule allows certification only if "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This prong of the Rule requires a representative who will "vigorously prosecute the interests of the class through qualified counsel." *Senter v. General Motors Corp*., 532 F.2d 511, 525 (6th Cir. 1976). Additionally, the Sixth Circuit has previously held that "non-attorneys proceeding pro se cannot adequately represent a class." *Ziegler v. State of Michigan*, 90 Fed. App'x 808, 2 (6th Cir. 2004) (citing *Fymbo v. State Farm Fire & Cas. Co*., 213 F.3d 1320, 1321 (10th Cir. 2000)). Plaintiff is pro se and a non-attorney. As a result, Plaintiff cannot adequately represent a class. Because a plaintiff must satisfy all requirements of Rule 23(a) to maintain a class action, the failure of the adequacy requirement is by itself fatal and further analyses of the requirements set forth by Rule 23 are unnecessary. Thus, it is clear from the face of the Complaint that Plaintiff cannot maintain a class action, and therefore CAFA does not provide this Court with subject-matter jurisdiction.

B.  **Plaintiff cannot satisfy CAFA's required amount in controversy.**

CAFA further limits district courts' jurisdiction to class actions in which the matter in controversy exceeds $5,000,000. 28 USCA § 1332 (b)(2). Thus, even if Plaintiff's claims could proceed as a class action, he must still establish the required amount in controversy to rely on CAFA to establish federal jurisdiction. Plaintiff requests damages for an unspecified amount in each of the following categories: punitive, treble damages, and maximum damages as a result of defendant's conduct including interest. (Doc. 3, Compl. ¶ 81).

The Plaintiff has the burden to establish federal jurisdiction. *Moir,* 895 F.2d at 269. The Sixth Circuit has previously held that Plaintiff's complaint must "explicitly specif[y] the amount of monetary damages sought or sets forth facts from which an amount in controversy in excess of $5,000,000 can be ascertained." *Grasier v. Visionworks, Inc.*, 819 F.3d 277, 284 (6th Cir. 2016) (quoting *Cutrone v. Mortgage Electronic Registration Systems, Inc.*, 749 F.3d 137, 145 (2d Cir. 2014)). The only specified damages alleged by Plaintiff are $86,475.99. (Doc. 1, Compl. ¶ 80). Plaintiff also does not assert that an aggregate class damages would exceed $5,000,000. (*Id.*, generally). Therefore, Plaintiff is unable to establish jurisdiction because the amount in controversy is not met.

C.  **Huntington's other arguments are moot.**

Huntington also argues that dismissal is required by the "home rule" and "local controversy" exceptions to CAFA jurisdiction. (Doc. 7, Mot. at 6–8). However, because Plaintiff cannot establish the required amount in controversy, the Court need not consider or resolve those issues.

Finally, Huntington argues in the alternative that Plaintiff's Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6). (*Id.* at 8–10). However, because the

Court has already concluded it lacks subject-matter jurisdiction over Plaintiff's claims, the Court need not consider or resolve these arguments.

## IV. CONCLUSION

For the foregoing reasons, Huntington's Motion to Dismiss is **GRANTED**. Because the Court's lack of subject-matter jurisdiction applies equally to the remaining defendant, Director Larry Hattix of the Office of the Comptroller of the Currency, Plaintiff's claims against Hattix are also **DISMISSED**.

The Clerk shall remove Document 7 from the Court's pending motions list and close this case.

**IT IS SO ORDERED.**

>    */s/ George C. Smith*
>    **GEORGE C. SMITH, JUDGE**
>    **UNTIED STATES DISTRICT COURT**